## GREEN v. CITY OF HENRIETTA.
### No. 12886.

Court of Civil Appeals of Texas. Fort
Worth.

Oct. 14, 1933.

Rehearing Denied Dec. 9, 1933.

Taylor, Muse & Taylor, of Wichita Falls,
and Bunting & Stine, of Henrietta, for appellant.

A. H. Carrigan, of Wichita Falls, and J. P.
Williams, of Henrietta, for appellee.

DUNKLIN, Justice.

This appeal is by Carl Green from a judgment denying him a recovery against the city
of Henrietta for damages to his automobile;
the judgment being based upon an instructed
verdict in favor of the defendant.

Gilbert street and Main street, two public
streets of the city of Henrietta, intersect each
other at right angles; Gilbert street running
east and west and Main street running north
and south. Main street is paved on both sides
and across the intersection; Gilbert street is
paved east of that intersection but on the west
side it is not paved, and on that side its surface drops some 2 inches below the surface
of the pavement on Main street.

At the request of plaintiff and his wife, A.
B. Staggs started to take plaintiff's wife in
plaintiff's car to the residence of one of her
neighbors, about two blocks north of the street
intersection. In so doing he approached the
intersection on the unpaved side of Gilbert
street traveling east, and, when he reached
the intersection, he turned the car in a northeasterly direction in order to continue his
journey north on Main street and, in so doing,
he drove over a metal marker which the city
had constructed at the center of the street intersection, and the car was damaged as the
result of striking that marker. This suit was
to recover damages for that injury to the car.
The metal marker was 18 inches long, 14
inches wide, and 5¾ inches above the pavement, weighed about 30 pounds and was made
of iron. In his testimony the reason given
by Staggs for driving onto the pavement at
the street intersection in an angling direction
was that Mrs. Green, riding in the car, was
complaining of a headache and that it occurred to him to turn onto the pavement in that
manner so as to lessen the jar of the car and
thereby it would cause her less pain. He admitted on the stand that he was perfectly
familiar with the condition of the two streets
at the point of intersection; that he had frequently driven over them in his car; that he
had formerly been a member of the city council of Henrietta and knew of an ordinance of
the city—which was introduced in evidence—
requiring vehicles turning to the left into another street to pass to the right of and beyond
the center of the intersection before making
the turn. He further testified that he also
knew that his act in turning to the left of the
center of the intersection of the street instead
of keeping to the right until he passed beyond
the center of the intersection was also contrary to the statutes of the state regulating
traffic on the highways. See Texas Penal
Code, art. 801, subd. (G), making the violation
of that and other regulations a penal offense.
That testimony of Staggs' was uncontradicted.

Plaintiff's suit against the city was
based upon allegations of negligence in maintaining Gilbert street in the condition it was
at the place where it abutted the paved intersection of Main street, where its surface was
lower than that of Main street and which negligence it was alleged was the proximate cause
of the accident.

It is a familiar rule that the violation of a
penal statute or municipal ordinance is negligence per se and we believe it clear from the
undisputed evidence that Staggs, in driving
the car to the left of the center of the street
crossing where the metal marker was placed
instead of to the right, as required, violated
both the city ordinance and the penal statute
cited above, and therefore was guilty of negligence as a matter of law, which proximately contributed to the injury and precluded
plaintiff's right of recovery. Furthermore,
even though it could be said that the evidence was sufficient to warrant the submission
of the issue to the jury of alleged negligence
of the city, we yet doubt the sufficiency of the
evidence, as a matter of law, to warrant a further finding that the city should reasonably
have anticipated that some one might probably drive over the metal marker in the manner and under such circumstances as did

Staggs, with full knowledge of its presence and of the fact that in so doing he would be violating the city ordinance and the penal statute, although it is not necessary to determine this question and we do not determine it in view of our foregoing conclusion.

It is therefore unnecessary to determine the merits of another assignment to the exclusion of the testimony of Troy Douthit, offered by the plaintiff to show that shortly before this accident he had had a similar one at the same street crossing.

Accordingly, all assignments of error are overruled and the judgment of the trial court is affirmed.

### On Motion for Rehearing.

DUNKLIN, Chief Justice.

Counsel for appellant insists that the evidence and pleadings of the defendant show that the metal street marker in controversy was in the 'center line of Gilbert street at the point of its intersection with the west line of Main street, and not in the center of the intersection itself, as stated in our original opinion. That statement was based on our interpretation of the testimony of A. B. Staggs, the driver of the automobile. However, we do not believe that our mistake in that respect, if any, is material. In other words, we believe that the testimony of Staggs himself shows conclusively that, if he had continued his drive on the right-hand side of Gilbert street until he passed to the center of the intersection of Gilbert and Main streets before turning in a northerly direction on Main street, as required by the city ordinance—and the violation of which was negligence per se—the car would not have come in contact with the metal marker. We quote the following from his testimony which was uncontradicted:

"There was not a thing to prevent me from seeing that metal marker. I saw it in driving across it, and drove deliberately across it on that occasion. There was a slow sign on that metal marker at that intersection, it said 'slow' on the marker.

"The marker you showed me is either that marker or one similar; it was just like that, and was painted 'slow', it was put there, and I knew it was put there, and knew the purpose for which it was put there at the time of the accident in question, and, notwithstanding, I drove directly over that marker and it was right at the intersection. * * *

"I know it was an ordinance of the City of Henrietta as well as the statute of Texas, that people going down a street, should keep to the right. * * *

"In going into that intersection I did not keep on the right hand side of the street and go beyond the center of the intersection before turning to the left going north. * * *

"I admitted (to the City Council) that I recognized that I had violated the law in not going to the center of the intersection before going to the left. I should have done that. I admitted to the City Council that I did not do that. * * *

"I know when it (the marker) was put there. I knew the condition of the street at the time, and I could plainly see it at the time this occurred. It was not daylight, it was probably eight o'clock. I should say 8:30, may be. I had my lights on, and there was not a thing in the way to keep me from seeing this. There was no obstruction on the right hand side of Gilbert Street; there was nothing on either side that I remember, no cars; there was no obstruction on the left hand side. (It was admitted by the plaintiff's counsel there was room on either side.) There were no cars at that time at the intersection or approaching, it was clear and open all the way,—both sides. * * *

"I admitted to Judge Carrigan that the marker was there. That I cut over the center of the street and went to the left of that knob out in the center of the street, and I admit that now. I do not think I have ever denied that I cut over to the left hand side of the street. I told Judge Carrigan I had a reason for straddling that marker; I took that place that way in order to alleviate the shock due to Mrs. Green's headache. * * *

"If I had stayed on the right hand side of Gilbert Street in entering the intersection of that street with Main Street in Henrietta, Texas, at the time of the alleged accident last May 14th, this injury to the car by running over this metal marker would not have occurred. If I had proceeded on the right hand side of Gilbert Street into the intersection of Main Street, and passed to the center of that intersection, and then turned to the left to go north, which was my intention, this accident would not have occurred. * * *

"I admitted to them (City Council) there, that I was driving on the left hand side of the street, and that I knew it. I did know about the condition of the street, and about the marker at that time. I do not remember that I admitted to them that if I had stayed on the right hand side of the street and gone to the intersection the accident would not have happened, but I admit it now, to you."

Following is a copy of the ordinance of the city of Henrietta in force at the time of the accident and pleaded by defendant in its answer:

"Vehicles turning to the left into another street shall turn to the right of and beyond the street intersection before turning."

The motion for rehearing is overruled.